IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRICKLAYERS LOCAL #8 OF ILLINOIS AND EMPLOYERS PENSION PLAN, ET AL, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:25-CV-243-DWD |
| vs. | ) ) ) | |
| ATCO MASONRY, LLC, ET AL, | ) | |
| Defendants. | | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiffs filed this action on February 24, 2025, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 against Defendants, employers of individual participants in the Plaintiffs' fund, seeking to recover delinquent fringe benefit contributions, late fees (referred to in the complaint as "liquidated damages"), and attorney fees for failure to timely pay contributions to the funds pursuant to the collective bargaining agreement. (Doc. 1).

Rule 55(a) requires entry of default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. FED. R. CIV. P. 55(a). The entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default judgment. *In re Catt*,

F.3d 789, 793 (7th Cir. 2004). Under Rule 55(b)(2), the court may enter a default judgment if the amount at issue is not for a sum certain or if the defendant has appeared, but subsequently defaulted. FED. R. CIV. P. 55(b)(2). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" either through evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Id*.

Summons was issued and the docket sheet reflects that the Defendants were properly served with the complaint and summons on February 26, 2025. (Docs. 5, 6, 7). Plaintiffs moved for entry of default on March 26, 2025 (Doc. 8), and the Clerk of Court entered default that day (Doc. 12). Plaintiffs moved for a default judgment on March 26, 2025. (Doc. 9). As of today, a response to the motion has not been filed.

Plaintiffs submitted the relevant agreements and affidavit from the Union's President, Matt Braun, who also serves as a trustee of the Pension Plan. (Docs. 10-2, 10-3, 10-4). The agreements provide that Defendants are obligated to make monthly contributions and submit monthly report forms. In the event the contributions are delinquent, Defendants are subject to late fees and responsible for the costs incurred by the Plaintiffs in collecting the contributions and late fees, including attorney fees and court costs. (Doc. 10-2). The late contributions that have resulted in the interest and liquidated damages Plaintiffs claim they are owed span from March of 2022 to February

2

of 2024. Defendants entered the collective bargaining agreement with Plaintiffs that was

effective from 2020 to 2023. (Docs. 10-3, 10-4). Defendants did not execute the successor

agreement effective 2023 through 2026 but continued to make the contributions and

submit the reports required by the agreement. (Doc. 10-2). The Court finds that

Defendants are bound to the successor agreement because it has assented to the terms of

the successor agreement through its submission of contributions and reports as required

by the agreement. *See Line Construction Benefit Fund v. Allied Electrical Contractors, Inc.*, 591

F.3d 576, 580-81 (7th Cir. 2010) (finding employer subject to successor collective

bargaining agreement where it continued to make contributions to the fund despite not

signing the successor agreement) ("[W]e have held repeatedly that conduct manifesting

assent creates an obligation[.]"); *see also Shales v. Lanas Construction, Inc.*, No. 07-C-2970,

2009 WL 562607, *2 (N.D. Ill. Mar. 4, 2009) ("An obligation under a CBA is not dependent

upon the reduction to writing of the parties' intention to be bound, rather all that is

required is conduct manifesting an intention to abide and be bound by the terms of an

agreement.") (quoting *Bricklayers Local 21 of Illinois Apprenticeship and Training Program v.*

*Banner Restoration, Inc.*, 385. F.3d 761, 766 (7th Cir. 2004)); *Central States, Southeast and*

*Southwest Areas Pension Fund v. Event Productions, Inc.*, No. 21-C-5695, 2023 WL 3763543,

*6 (N.D. Ill. 2023) (finding allegations that defendant made pension fund contributions

under collective bargaining agreement demonstrated its assent to be bound by the

agreement).

Plaintiffs' affidavit of the Union's President submits an accounting of interest and

liquidated damages owed in the amount of $3,234.67 because of delinquent contributions

made by Defendants in the subject months. (Doc. 10-2). Plaintiffs also submitted an affidavit related to that accounting showing they have incurred $1,510.00 in attorney fees, costs, and expenses. (Doc. 10-7). Because Defendants are in default, the Court finds that judgment should be entered in Plaintiffs' favor.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that the Motion for Default Judgment (Doc. 9) is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Bricklayers Local #8 of Illinois and Employers Pension Plan against Defendants Atco Masonry, LLC, Bud Cooper, and Derek Cooper in the amount of **$3,234.67** for liquidated damages and interest along with **$1,510.00** in attorney fees, costs, and expenses.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court shall retain jurisdiction over this matter to enforce the Default Judgment.

Because there are no claims remaining, this entire action is **DISMISSED with prejudice**.

**SO ORDERED.**

Dated: January 22, 2026                    /s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge